PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

*Attorney for Plaintiffs*
ANDREW and MICHELLE THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW THOMAS and MICHELLE THOMAS,<br><br>             Plaintiffs,<br><br>     vs.<br><br>OCWEN LOAN SERVICING, LLC; and DOES 1 to 10, inclusive,<br><br>             Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

**COMPLAINT FOR DAMAGES**

### I.     INTRODUCTION

1.     Andrew and Michelle Thomas ("Plaintiffs") bring this action to secure redress from Ocwen Loan Servicing, LLC ("Defendant"), a foreign limited liability company, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788.  The TCPA is a federal statute that

broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiffs' RFDCPA claim is so related to Plaintiffs' TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiffs reside here, and Defendant transacts business here.

## III.   PARTIES

4.   Plaintiffs are individuals, residing in Hidden Valley Lake, Lake County, California 95467.  Plaintiffs are a natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiffs are "debtors" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

5.   Defendant is a foreign limited liability company registered under the laws of the State of Delaware.  Defendant's principle place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

6.    In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).  Defendant

COMPLAINT FOR DAMAGES

regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiffs to collect an alleged debt associated with a secured interest on a residential property located at 18403 Kentwood Place, Hidden Valley Lake, California 95467 ("alleged debt").

9. The alleged debt is identified by loan number 7170393164.

10. The alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").

11. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 800-746-2936. At all times relevant to this action, Defendant called Plaintiffs from, but not limited to, telephone number 800-746-2936.

12. At all times relevant to this action, Defendant called Plaintiffs at, but not limited to, Plaintiffs' cellular telephone number ending in 8799.

13. Within one year prior to the filing of this action, Defendant caused Plaintiffs' telephone to ring repeatedly and continuously to annoy Plaintiffs.

14. Within one year prior to the filing of this action, Defendant communicated with Plaintiffs with such frequency as to be unreasonable under the circumstances and to constitute harassment.

14. On or about February 2014, Plaintiffs notified Defendant Plaintiffs was represented by an attorney in regards to the alleged debt. Plaintiffs requested Defendant cease contacting Plaintiffs. Plaintiffs requested Defendant contact Plaintiffs' attorney in the future.

15. Subsequent to Plaintiffs' request that Defendant stop calling Plaintiffs, Defendant called Plaintiffs no less than twenty-eight (28) times in an attempt to collect the alleged debt.

16. On or about March 12, 2014, Plaintiffs' attorney notified Defendant in writing that Plaintiffs were represented by an attorney. Plaintiffs' attorney requested Defendant cease contacting Plaintiffs and direct all future communications regarding Plaintiffs and/or the alleged debt to Plaintiffs' attorney. A true and correct copy of the March 12, 2014, correspondence is attached hereto and referred to herein as "Exhibit A."

17. Subsequent to March 12, 2014, Defendant called Plaintiffs no less than thirteen (13) times in an attempt to collect the alleged debt.

18. Subsequent to March 12, 2014, Defendant sent Plaintiffs multiple letters.

19. Upon information and believe, as of the date of the filing of this action, a notice of default has not been filed by Defendant in regards to the alleged debt.

20. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiffs in connection with the collection of the alleged debt.

21. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

22. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of

the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

23. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

24. Within four years prior to the filing of this action, Defendant called Plaintiffs at Plaintiffs' cellular telephone number ending 8799 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

25. Defendant never received Plaintiffs' consent to call Plaintiffs on Plaintiffs' cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

26. Assuming Defendant received Plaintiffs' consent to call Plaintiffs on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on or about, but not limited to February 2014 and March 12, 2014.

27. At no time have Plaintiffs and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

28. Defendant is not a tax exempt nonprofit organization.

29. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiffs requested on no less than two (2) occasions that Defendant cease calling Plaintiffs.

30.     Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiffs no less than twenty-eight (28) times at Plaintiffs' cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.     FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

31.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector has been notified in writing that the debtor is represented by an attorney; and

(d)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(2) by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond

within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

        (ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

        (iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        (iv)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

        (v)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

33. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

34. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## VI.   SECOND CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

35. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment be entered against Defendant for the following:

  (a) An injunction prohibiting Defendant from contacting Plaintiffs on Plaintiffs' cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 14, 2014         PRICE LAW GROUP, APC

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES